**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|    PHILIP D. REINFORD, | : | Chapter 7 |
|    MONICA S. REINFORD, | : | |
| | : | Bky. No. 08-15120 ELF |
|                 Debtors. | : | |
| | : | |
| EDWARD RONALD SCHNABLE, JR., | : | |
| | : | Adv. No. 10-0218 |
|                 Plaintiff, | : | |
|       v. | : | |
| PHILIP D. REINFORD, | : | |
| MONICA S. REINFORD, | : | |
|                 Defendants. | : | |

**M E M O R A N D U M**

**I**.

On August 10, 2008, Debtors Philip D. Reinford and Monica S. Reinford filed a joint chapter 7 voluntary bankruptcy petition. In their Schedule A, they listed an ownership interest in certain real property, consisting of an 86 acre farm, located at 440 Dieber Road in Schwenksville, Pennsylvania ("the Property"), with a value of $1,700,000.00. In Schedule D, they listed ten mortgages against the Property totaling $1,705,343.00. (See Bky. Doc. #s 15 & 18).

On May 24, 2010, Plaintiff Edward Ronald Schnable, Jr. ("the Plaintiff") filed an adversary complaint initiating the above adversary proceeding. Although the exact nature of the

claims asserted by the Plaintiff is not clear, the Complaint is related to the Property.

On June 28, 2010, the Debtors filed a Motion to Dismiss the Complaint ("the Motion"). (Adv. Doc. # 13). The Plaintiff filed a response to the Motion on September 16, 2010. (See Adv. Doc. #s 16, 17, 19, 20 & 22).[1]

For the reasons stated below, I will grant the Motion, dismiss the complaint and grant the Plaintiff leave to file an Amended Complaint.

## II.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is incorporated by Fed. R. Bankr. P. 7012, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).[2] Dismissal is appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to

---

[1] The Plaintiff is presently incarcerated. After the Motion was filed, he requested an extension of time to respond. The court initially granted the Plaintiff an additional month and one-half, until August 27, 2010, to file his response. After the Plaintiff filed a second motion for extension of time, the court granted the Plaintiff an extension of more than two weeks, to September 15, 2010. The Plaintiff filed his response on September 16, 2010. (For some reason, the docket erroneously states that the extension was until September 25, 2010. There is no reason to believe that the Plaintiff knew about or relied in any way on the incorrect docket entry). In any event, I have considered the Plaintiff's response in deciding the Motion.

[2] I note that exhibits were attached to the Motion and the Plaintiff's Reply. I have not considered those exhibits in evaluating the Motion.

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, the factual allegations in the complaint must be more than speculative. Phillips, 515 F.3d at 234. While it is not necessary for the Plaintiff to provide detailed factual allegations, there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), the Court of Appeals articulated a two-part analysis to conduct when evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion.

First, the factual and legal elements of the claim should be separated, such that a court must accept only the well-pleaded facts as true and may disregard any legal conclusions. Id. at 210-11.

Second, the court must determine whether the alleged facts demonstrate that the plaintiff has a "plausible" claim for relief. Id. at 211 (citing Iqbal, 129 S. Ct. at 1950). A claim is facially plausible where the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949. If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint is insufficient. Id. at 1950 (citing Fed. R. Civ. P. 8(a)(2)); see also Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d. Cir. 2010). A pleading that offers labels and conclusions or naked assertions is insufficient. Iqbal, 129 S. Ct. at 1949. In evaluating the sufficiency of a complaint against these standards, the court must conduct a "context-specific" evaluation drawing from its "judicial experience and common sense." Id. at 1950.

## III.

In the Complaint, which lacks headings and contains unnumbered paragraphs, the Plaintiff appears to allege that he and the Debtor were business partners in an entity called Tri-Quest Partners and that Tri-Quest Partners purchased the Property. At some point, the parties' business relationship (or the personal relationship) soured and they became embroiled in state court litigation over ownership rights to the Property.

The Complaint offers little else in the way of a factual recitation of the basis for the Plaintiff's asserted claims. Instead, the Plaintiff uses terms like "fraud," "defrauded" and "unjustly enriched" in describing the Debtors' actions.[3] The Plaintiff alleges that the Debtor "should not profit from his own misdeeds," that his actions constitute "deliberate and willful conversion" of the Plaintiff's interests and that the Debtor's actions have "unjustifiably deprived the [Plaintiff] of equitable ownership." (Complaint at 2-3)

---

[3]     The Plaintiff asserts that:

1. the Debtor devised a scheme, in or around November 2000 to defraud the Plaintiff of his interest in the farm "that debtor purported was formally established, and to defraud other third parties . . ."

2. the "debtors scheme was detected following the mutual signing of share transfer agreements that pertained to the exchange of a debt obligation by debtors PMR CAPITAL HOLDINGS, LLC to the complainant for debtors sustainability fund and shopper displays equity interests"

3. the "court records are replete with perjurious testimony" [sic] and " the record shows the fraudulent intent of the debtor was willfully and knowingly provided . . . intended to cover up and conceal the debtors actual relevant conduct by masking self serving, false and deliberately misleading grand jury testimony, bankruptcy deposition statements and false personal bankruptcy financial filings."

(Complaint at 3).

The Plaintiff's adversary complaint also makes several requests for relief, such as

1. "stay[ing] debtor's bankruptcy proceeding" (id. at 2);

2. imposing "a constructive trust to hold the farm property, in addition to the $117,842, both of which the debtor has obtained through deceptive means" (id. at 3);

3. withholding the amount of $181,524.66, plus interest and expenses, for Edward R. Schnable, Sr. and Mary E. Schnable, "that was provided to Tri-Quest Partners on 1/11/2001 for complainants 50% farm purchase interest" (id.); and,

4. holding that "the debtor cannot avail himself of the court's equitable powers seeking to be unjustly enriched at another's expense and to profit from his own misdeeds . . ." (id. at 3-4).

## IV.

The Complaint cannot survive dismissal under the standards set forth by the Supreme Court in Twomby and Iqbal. The complaint intertwines a few factual allegations amidst a torrent of legal conclusions that make it impossible for the court to ascertain whether the claims are supported by an adequate factual foundation. In particular, I observe that the Complaint includes conclusory allegations of fraud on several occasions, notwithstanding the heightened pleading standard of Rule 9. See Fed. R. Civ. P. 9(b) (in allegations of fraud, the "party must state with particularity the circumstances constituting fraud or mistake").

Also, I am unable to understand the precise nature of the relief sought by the Plaintiff. It is unclear whether the Plaintiff seeks distribution from the estate. Thus, this adversary complaint

might be nothing more than a late-filed Proof of Claim.[4] Certain statements in the Complaint suggest the Plaintiff may be attempting to object to the Debtors' discharge under 11 U.S.C § 727, another request for relief that, on its face, is untimely.[5] Finally, it is also possible to read the Complaint to seek the entry of a money judgment against the Debtors (rather than the bankruptcy estate), a request that may be impermissible in light of the passage of the deadline for asserting that a debt is nondischargeable,[6] and which implicates questions regarding this court's subject matter jurisdiction.  See In re Chan, 2008 WL 5428271, at *22 (Bankr. E.D. Pa. Dec. 31, 2008) (discussing the bankruptcy court's authority and discretion to enter a money judgment in favor of a creditor in a proceeding under 11 U.S.C. §523(a)).

At this point, I will not speculate further on either the nature of the Plaintiff's claims or the relief he seeks.  It is sufficient to state that the Complaint does not state a claim for relief that is plausible on its face under the standards articulated by the Supreme Court in Twombly and Iqbal.  Therefore, the Motion will be granted.  However, in light of the Court of Appeals' admonition that upon dismissal of a complaint under Rule 12(b)(6), the court must permit a curative amendment, unless an amendment would be inequitable or futile, see, e.g. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), I will grant the Plaintiff an opportunity to set forth his

---

[4]  The claims bar date in this case expired on February 20, 2009.

[5]  September 16, 2008 was the first date set for the meeting of creditors.  Thus, the deadline for filing any complaint objecting to the Debtors' discharge under §727(a) was November 15, 2008.  See Fed. R. Bankr. P. 4004(a).

[6]  The deadline for filing a complaint to determine the dischargeability of a debt governed by 11 U.S.C. §523(c) was November 15, 2008.  See n. 6 supra & Fed. R. Bankr. P. 4007(c).

claims and requests for relief in an amended complaint.[7]

An appropriate order will be entered.[8]

Date: **October 7, 2010**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

[7] If the Plaintiff avails himself of the opportunity to file an Amended Complaint, he must comply with the requirements of Fed. R. Civ. P. 10(b): "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

[8] The Chapter 7 Trustee also filed a Motion to Intervene and to Dismiss the Complaint for Failure to State a Claim ("the Trustee's Motion") on June 14, 2010. (Adv. Doc. # 8). In light of my dismissal of the Complaint, I will deny the Trustee's Motion without prejudice to his right to renew his request after the filing of, and in light of the allegations set forth in, any Amended Complaint that the Plaintiff may file.