UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
    PHILIP D. REINFORD,      :    Chapter 7
    MONICA S. REINFORD,      :
                        :    Bky. No. 08-15120 ELF
            Debtors.      :

EDWARD RONALD SCHNABLE, JR.,      :
                        :    Adv. No. 10-0218
            Plaintiff,      :

            v.      :

PHILIP D. REINFORD,      :
MONICA S. REINFORD,      :
            Defendants.      :

# M E M O R A N D U M

## I.

Plaintiff Edward Ronald Schnable, Jr. ("the Plaintiff") initiated this adversary proceeding against Defendant-Debtors Philip D. Reinford and Monica S. Reinford ("the Debtors") by filing a Complaint on May 24, 2010. The Complaint's allegations related to a property located at 440 Dieber Road in Schwenksville, Pennsylvania ("the Property"). The Plaintiff asserted that he jointly purchased the Property with the Debtor Philip Reinford (individually, "Reinford") and that Reinford fraudulently deprived him of his interest in the Property. The Complaint did not describe a factual basis for the asserted fraudulent conduct.

The Debtors filed a Motion to Dismiss the Complaint and by order dated October 7, 2010, I dismissed the Complaint with leave to amend. In the Memorandum accompanying the October 7, 2010 order, I explained that the Complaint did not set forth sufficient factual detail to state a claim that was "plausible on its face" and therefore, the Complaint failed to satisfy the minimum standards articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See In re Reinford, 2010 WL 4026806, at *3 (Bankr. E.D. Pa. Oct. 7, 2010).

In the Memorandum, I also pointed out that the Complaint did not describe clearly the nature of the relief sought by the Plaintiff:

> It is unclear whether the Plaintiff seeks distribution from the estate. Thus, this adversary complaint might be nothing more than a late-filed Proof of Claim. Certain statements in the Complaint suggest the Plaintiff may be attempting to object to the Debtors' discharge under 11 U.S.C § 727, another request for relief that, on its face, is untimely. Finally, it is also possible to read the Complaint to seek the entry of a money judgment against the Debtors (rather than the bankruptcy estate), a request that may be impermissible in light of the passage of the deadline for asserting that a debt is nondischargeable, and which implicates questions regarding this court's subject matter jurisdiction.

2010 WL 4026806, at *2 (footnotes omitted).

The Plaintiff filed an Amended Complaint on November 8, 2010. The Debtors filed another Motion to Dismiss ("the Motion") pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012) on December 7, 2010.

For the reasons explained below, the Motion will be granted and the Amended Complaint will be dismissed.[1]

---

[1] In the prior Memorandum, I set out the legal standards employed in considering a motion to dismiss under Rule 12(b)(6). See Reinford, 2010 WL 4026806, at *1. Therefore, it is unnecessary to repeat that discussion in this Memorandum.

## II.

### A.

In the Amended Complaint, the Plaintiff describes a series of alleged business transactions that he and Reinford entered into beginning in the period between 2000 to 2005. While the Amended Complaint, like its predecessor, is hard to follow, it appears that the Plaintiff is alleging that he advanced monies to the Debtor at various times in connection with the Plaintiff's ownership interest in the Property. (See Amended Complaint ¶¶ 9, 14, 18). The gist of the Amended Complaint is that Reinford deprived the Plaintiff of his ownership interest in the Property through some type of fraud or misrepresentation, causing him to lose all of the money that he invested. (See id. ¶¶ 26, 35-37, 39, 47-48).

Also significant for present purposes is the nature of the relief requested by the Plaintiff. While, once again, the Plaintiff's pleading is not a model of clarity, it appears he seeks two different types of relief.

First, the Plaintiff seeks a monetary judgment, in that he requests:

- repayment and/or inclusion of personal loans made to Debtor in the amount of $49,000;

- repayment and/or inclusion of the funds provided by Plaintiff for the purchase of the [Property] in the amount of $181,524.66;

- repayment and/or inclusion of personal loans made to Debtor in the amount of $58,842; and,

- repayment and/or inclusion of "personal loans" to Debtor in the amount of $251,386.

(Id. ¶50).

He also requests the entry of:

- an order for a constructive trust to be imposed in order to avoid unjust enrichment of one party at the other parties expense for the Plaintiffs half ownership of the farm property or half the proceeds of any sale of the farm property.

(Id.).

Despite the allegations in the Amended Complaint that the "Debtor did not disclose to the Bankruptcy Court his financial agreements and true financial transactions with the Plaintiff and the Plaintiff's entities," (id. ¶49), it does not appear that the Plaintiff is objecting to the Debtor's discharge.  Nor does the Amended Complaint appear to request a determination regarding the dischargeability of the asserted debt.  Rather, the Plaintiff appears to seek payment in the total amount of $540,752.66 and the imposition of a constructive trust on the Property or the proceeds from the sale of the Property.

**B.**

In order to better understand the basis for my ruling on the Motion, it is also helpful to refer to the Plaintiff's allegation set forth in Paragraph 19 of the Amended Complaint: "On July 31, 2003 through January 18, 2005, Debtor issued and recorded nine mortgages against the farm property totaling $1,305,343 to a few selected family members and close family friends." (Amended Complaint ¶19).  This allegation is reasonably consistent with the disclosures in the Debtors' bankruptcy schedules.  In their bankruptcy Schedule D, the Debtors listed ten mortgages against the Property.  (Bky. No. 08-15120, Doc. #'s 15, 18).

The existence of so many mortgages and mortgagees gave rise to disputes <u>inter sese</u> after the bankruptcy case was filed.  In particular, a junior mortgagee (Henry G. Dersteine and Eileen

G. Derstine, acting jointly) filed a series of objections to the claims of senior mortgagees, in which the Derstines asserted that the purportedly senior mortgages (and notes) were not valid for lack of consideration. (Bky. No. 08-15120, Doc. #'s 67-75).

Eventually, a global settlement was reached among the various mortgagees and the chapter 7 ("the Trustee"). Under the settlement, the parties agreed that the Trustee would market and sell the Property (with a "carve-out" for the bankruptcy estate) and that the mortgagees would share the sale proceeds <u>pro rata</u>.[2] The settlement was approved by the court by order dated April 19, 2010 (Bky. No. 08-15120, Doc. # 137), upon motion of the Trustee (Bky. No. 08-15120, Doc. # 120).[3]

### III.

The Debtor's request in the Amended Complaint for "payment" of various sums is ambiguous. It is not clear whether he is requesting "payment" from the Debtors or from the bankruptcy estate. However, either way, the Complaint fails to state a claim for relief.

---

[2] To date, the Trustee has not filed a motion for approval of a sale of the Property, so it appears that he has not yet found a buyer.

[3] In the Certification of Service filed with the court, the Trustee certified that on March 8, 2010, he served a copy of the Notice of Motion and the Motion for Approval of the Settlement "by regular mail [on] all . . . creditors listed on the Court's Creditor's Matrix who do not receive service by ECF." (Bky. No. 08-15120, Doc. # 120-4). The Plaintiff, who is incarcerated in a federal correctional institution, is listed twice on the mailing the matrix: once in "care of" an attorney named Michael Brooks and a second time at the same mailing address that the Plaintiff has used in this adversary proceeding. However, it is not entirely clear when the Plaintiff's prison address was added to the mailing matrix; it may have occurred after the Trustee served the Motion for Approval of the Settlement.

### A.

### 1.

To the extent that the Plaintiff seeks a money judgment against the Debtors, he fundamentally misunderstands the function of the bankruptcy process and the limited jurisdiction of the bankruptcy court.

The bankruptcy court is not a court of general jurisdiction in which individual creditors may obtain money judgments against bankruptcy debtors. See generally 28 U.S.C. §1334(b) (limiting bankruptcy jurisdiction in civil proceedings to those "arising under, arising in or related to" bankruptcy cases). Rather, it is a forum in which a debtor's non-exempt assets are collected by a fiduciary (i.e., the trustee) for distribution to all creditors based on a priority system established by Congress. See 11 U.S.C. §726. When the trustee makes a distribution to a creditor, he does so to satisfy the creditor's "claim" against the bankruptcy estate that was "allowed" by the court. See 11 U.S.C. §§502(a), 727. No entry of a traditional "money judgment" is entered against the debtor as part of the claims allowance and claim distribution process. Indeed, in an individual case, if the debtor receives a discharge, the discharge acts as "an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. §524(a)(2). The entry of the discharge order precludes a creditor from later seeking the entry of a money judgment against the debtor.

The debtor's right to a discharge is subject to a creditor's right to establish that its claim is subject to a statutory exception to the bankruptcy discharge. See 11 U.S.C. §523(a). If a debt is determined nondischargeable in such an adversary proceeding, there is legal authority that the

bankruptcy court has the authority in appropriate circumstances to enter a money judgment in favor of an individual creditor based on a pre-petition debt. See In re Chan, 2008 WL 5428271, at *22 & n.58 (Bankr. E.D. Pa. Dec. 31, 2008) (discussing issue and citing cases). In this adversary proceeding, however, it does not appear that the Plaintiff is (or could be) asserting any nondischargeability claims against the Debtors under 11 U.S.C. §523(a)(2), (4) or (6).[4] Therefore, based on the allegations in the Amended Complaint, the jurisdictional predicate for the entry of a money judgment is lacking.

**2.**

To the extent that the Plaintiff seeks "payment" from the bankruptcy estate (rather than the Debtors), he again misunderstands the bankruptcy process. A request for payment from the bankruptcy estate is made by filing a "proof of claim," see 11 U.S.C. §§501, 502, not by filing an adversary proceeding against the debtor, see, e.g., In re FRG, Inc., 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990) (citing cases). The Plaintiff has not filed a proof of claim in this bankruptcy case. Therefore, I see no purpose to this adversary proceeding insofar as it seeks payment from the bankruptcy estate.[5]

---

[4] As I pointed out in the prior Memorandum, see 2008 WL 4026806, at *2 n.6, September 16, 2008 was the first date set for the meeting of creditors. Thus, the deadline for filing any complaint to determine the dischargeability of a debt in this bankruptcy was November 15, 2008. See Fed. R. Bankr. P. 4007(c). The Complaint was filed more than 18 months thereafter. I express no view regarding any potential nondischargeability claims under the other subsections of §523(a) not governed by Fed. R. Civ. P. 4007(c).

[5] Because the Plaintiff did not name the Trustee as a a party, it is not clear to me that the Plaintiff actually intended to seek payment from the estate. If so, he should file a proof of claim. If the Plaintiff files a proof of claim, a contested matter for this court to resolve will arise only if an objection to the claim is filed.

**B.**

Finally, I consider the Plaintiff's request that the court impress a constructive trust on either the Property or the proceeds thereof as a remedy for Reinford's alleged fraudulent conduct. See generally Commonwealth by Kane v. Hilton, 355 A.2d 841, 843 (Pa. Commw. Ct. 1976) (constructive trust is a remedy to prevent unjust enrichment). The Amended Complaint is defective because the Plaintiff misunderstands two basic principles of bankruptcy law.

First, in requesting that the court impose a constructive trust on the Property, or the proceeds thereof, in an adversary proceeding brought against the Debtors, the Plaintiff fails to consider the effect of 11 U.S.C. §541. Upon the commencement of the bankruptcy case, "all legal and equitable interests of the debtor[s] in property" become part of the bankruptcy estate. 11 U.S.C. §541(a)(1). Under §541(a)(1), the Debtor's interest in the Property passed to the Trustee by operation of law upon commencement of this bankruptcy case. As a result , the bankruptcy estate includes the Property.

Second, the Trustee, not the Debtors, is the legal representative of the bankruptcy estate. See 11 U.S.C. §704. Therefore, to the extent the Plaintiff requests that the court grant any relief that affects the ownership of the Property, the Plaintiff cannot obtain such relief in an action against the Debtors. At a minimum, he must proceed against the Trustee.[6]

---

[6] Without deciding the issue, I note that if the Plaintiff seeks the imposition of a constructive trust as to the Property and/or all of the proceeds thereof, and not merely as to the amount of the Trustee's "carve-out" under the Settlement Agreement approved by the court, see Part II.B., supra, he may need to proceed against all of the mortgagees and not just the Trustee.

## IV.

For the reasons set forth above, I conclude that the Plaintiff cannot obtain any of the relief he seeks from the Debtors in this adversary proceeding and that there are no potential amendments to the Amended Complaint that could render his claims viable. Therefore, I will dismiss the Amended Complaint without further leave to amend.

Date:  January 11, 2011

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**